# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 22, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MARY DEMYAN, *parent and next friend of J.D., a minor* | * * * | |
| Petitioner, | * * | No. 23-1488V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for petitioner.
*Julianna Kober*, U.S. Department of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

On April 10, 2023, Mary Demyan ("petitioner") filed a claim in the National Vaccine Injury Compensation Program, on behalf of her minor child, J.D.[2] Petition (ECF No. 1). Petitioner alleged that the DtaP, Hib, and pneumococcal conjugate vaccines that J.D. received on April 30, 2020 caused him to develop Type 1 diabetes. Petition at ¶ 3. Petitioner filed a motion for a decision dismissing her petition. Pet'r Mot. to Dismiss (ECF No. 42). For the reasons discussed below, petitioner's motion is hereby **GRANTED**, and her petition is **DISMISSED.**

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

### I. Procedural History

Petitioner filed her claim for compensation on April 10, 2023 alleging that DtaP, Hib, and pneumococcal conjugate vaccines that J.D. received on April 30, 2020 caused him to develop Type 1 diabetes. Petition at ¶ 3. Her claim was assigned to my docket on August 6, 2024. ECF No. 33. Respondent filed his initial status report indicating that he did not believe the case was appropriate for compensation. Status Rept., Oct. 28, 2024 (ECF No. 37). Respondent filed his Rule 4(c) Report on December 26, 2024, indicating that he wanted to continue defending the claim. Resp't R. 4(c) Rept. (ECF No. 38). Petitioner was ordered to file an expert report on causation on February 13, 2025. After several motions for extension of time, petitioner filed the instant motion to dismiss, indicating that she was unable to find an expert. ECF No. 42.

The matter is now ripe for adjudication.

### II. Legal Standard

The Vaccine Act was established to compensate vaccine-related injuries and deaths. § 10(a). "Congress designed the Vaccine Program to supplement the state law civil tort system as a simple, fair and expeditious means for compensating vaccine-related injured persons. The Program was established to award 'vaccine persons quickly, easily, and with certainty and generosity.'" *Rooks v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 1, 7 (1996) (quoting H.R. Rep. No. 908 at 3, reprinted in 1986 U.S.C.C.A.N. at 6287, 6344).

Petitioner's burden of proof is by a preponderance of the evidence. § 13(a)(1). The preponderance standard requires a petitioner to demonstrate that it is more likely than not that the vaccine at issue caused the injury. *Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010). Proof of medical certainty is not required. *Bunting v. Sec'y of Health & Hum. Servs.*, 931 F.2d 867, 873 (Fed. Cir. 1991). In particular, petitioner must prove that the vaccine was "not only [the] but-for cause of the injury but also a substantial factor in bringing about the injury." *Moberly*, 592 F.3d at 1321 (quoting *Shyface v. Sec'y of Health & Hum. Servs.*, 165 F.3d 1344, 1352-53 (Fed. Cir. 1999)); see also *Pafford v. Sec'y of Health & Hum. Servs.*, 451 F.3d 1352, 1355 (Fed. Cir. 2006). A petitioner who satisfies this burden is entitled to compensation unless respondent can prove, by a preponderance of the evidence, that the vaccinee's injury is due to factors unrelated to the administration of the vaccine." § 13(a)(1)(B).

To receive compensation through the Program, petitioner must prove either (1) that she suffered a "Table Injury"— i.e., an injury listed on the Vaccine Injury Table — corresponding to a vaccine that she received, or (2) that he suffered an injury that was actually caused by a vaccination. *See* §§ 11(c)(1), 13(a)(1)(A); *Capizzano v. Sec'y of Health & Hum. Servs.*, 440 F.3d 1317, 1319-20 (Fed. Cir. 2006). Because petitioner does not allege that she suffered a Table Injury, she must prove that a vaccine she received caused her injury. To do so, she must establish, by preponderant evidence: (1) a medical theory causally connecting the vaccine and her injury ("*Althen* Prong One"); (2) a logical sequence of cause and effect showing that the vaccine was the reason for her injury ("*Althen* Prong Two"); and (3) a showing of a proximate temporal relationship between the vaccine and her injury ("*Althen* Prong Three"). § 13(a)(1); *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The causation

theory must relate to the injury alleged. The petitioner must provide a sound and reliable medical or scientific explanation that pertains specifically to this case, although the explanation need only be "legally probable, not medically or scientifically certain." *Knudsen v. Sec'y of Health & Hum. Servs.*, 35 F.3d 543, 548-49 (Fed. Cir. 1994). The Federal Circuit has reiterated that proof of causation does not "require identification and proof of specific biological mechanisms[.]" *Kottenstette v. Sec'y of Health & Hum. Servs.*, 861 F. App'x 433, 441 (Fed. Cir. 2021) (citing *Knudsen*, 35 F.3d at 549). Causation "can be found in vaccine cases…without detailed medical and scientific exposition of the biological mechanisms." *Knudsen*, 35 F.3d 543 at 548-49. It is not necessary for a petitioner to point to conclusive evidence in the medical literature linking a vaccine to the petitioner's injury, as long as the petitioner can show by a preponderance of evidence that there is a causal relationship between the vaccine and the injury, whatever the details of the mechanism may be. *Moberly*, 592 F.3d at 1325.

Petitioner cannot establish entitlement to compensation based solely on her assertions; rather, a vaccine claim must be supported either by medical records or by the opinion of a medical doctor. § 13(a)(1). In determining whether petitioner is entitled to compensation, the special master shall consider all material in the record, including "any…conclusion, [or] medical judgment…which is contained in the record regarding…causation." § 13(b)(1)(A). The undersigned must weigh the submitted evidence and the testimony of the parties' proffered experts and rule in petitioner's favor when the evidence weighs in his favor. *See Moberly*, 592 F.3d at 1325-26 ("Finders of fact are entitled—indeed, expected—to make determinations as to the reliability of the evidence presented to them and, if appropriate, as to the credibility of the persons presenting that evidence."); *Althen*, 418 F.3d at 1280 (noting that "close calls" are resolved in petitioner's favor).

Under Vaccine Rule 21(b), the special master or the court may dismiss a petition at the petitioner's request on terms that the special master or the court considers a proper issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3). A dismissal under Vaccine Rule 21(b) will be with prejudice and result in judgment pursuant to Vaccine Rule 11 for purposes of 42 U.S.C. § 300aa-21(a). Vaccine Rule 21(b)(2).

### III.   Analysis

While petitioner did not specifically request that her claim be dismissed under Vaccine Rule 21(b), petitioner indicated that "following a careful review and consultation with an expert, it seems unlikely that Petitioner will be able to meet her burden of proof required in the Vaccine Program." Pet'r Mot. to Dismiss at ¶ 3. Petitioner acknowledges that she "understands that a decision dismissing her Petition will result in a judgment against her and will end her rights in the Vaccine Program." *Id.* at ¶ 4.

Expediency, judicial efficiency, and providing fairness to Vaccine Program claimants are all factors in allowing dismissal of claim when requested by a petitioner. Dismissal of this claim will obviate the need to write a lengthy decision and further preserve judicial resources. However, in order to conform with § 300aa-12(d)(3) of the Vaccine Act, this decision shall include expressed findings. Without an expert, petitioner will be unable to meet her burden in the program, and, therefore her claim must be dismissed.

### IV. Conclusion

In this case, there is insufficient evidence in the record for petitioner to meet her burden of proof to demonstrate that the vaccines received by J.D. caused him to develop Type 1 diabetes. Therefore, petitioner's claim cannot succeed and must be dismissed. §300aa-11(c)(1)(A).

Accordingly, petitioner's motion for a decision dismissing her petition is hereby **GRANTED**, and the petition is dismissed. The Clerk of the Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).