# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No.: 23-488V

* * * * * * * * * * * * *
MARY DEMYAN, *
*Parent and next friend of J.D.,* *
*a minor,* *
Petitioner, * Chief Special Master Corcoran
*
v. * Filed: August 11, 2026
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * *

*Richard Gage,* Richard Gage, P.C., Cheyenne, WY, for petitioner.

*Julianna R. Kober,* U.S. Dept. of Justice, Washington, D.C., for respondent.

**DECISION GRANTING IN PART**
**FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On April 10, 2023, Mary Demyan, parent and next friend of J.D., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program. [2] Petition (ECF No. 1). Petitioner alleged that J.D. suffered Type 1 diabetes as a result of receiving the Dtap, Hib, and pneumococcal vaccines on April 30, 2020. *Id.* On September 22, 2025 (and five months after Petitioner had been afforded the opportunity to obtain expert support for the claim), the case was dismissed on Petitioner's motion. Decision (ECF No. 43); Motion to Dismiss (ECF No. 42).

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner filed a motion for a final award of fees and costs on December 30, 2025, requesting a total of $38,368.83 ($37,272.20 in fees and $1,096.63 in costs). Petitioner's Fees Motion (ECF No. 47). Respondent reacted to the motion on January 13, 2026, deferring to the Court to determine if the statutory requirements for an award of final attorney's fees and costs have been met in this case and if so, determining a reasonable fee award. Respondent's Response (ECF No. 48). Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final fees and costs in the amount of $32,778.00.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award for successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). In prior decisions, I have set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g. Sterling v. Sec'y of Health & Hum. Servs.,* No. 16-551V, 2020 WL 54943, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation: fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.,* 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioner's claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis.

The standard for finding the existence of reasonable basis is lesser (and thus, inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.,*144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence."

*Chuisano v. Sec'y of Health & Hum. Servs.,* 116 Fed. Cl. 276,287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.,* 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See e.g., Silva v. Sec'y of Health & Hum. Sevs.,* 108 Fed. Cl. 401,401-02 (Fed. Cl. 2012).

Resolution of reasonable basis in this case is difficult. On the one hand, certain objective evidence supporting the claim, albeit in its barest sense, exists: J.D. received covered vaccines, and less than one month later was diagnosed with Type 1 diabetes. *See* Petitioner's Exhibits ("Pet. Ex.") 8 at 23; Pet. Ex. 5 at 6—7. However, cases alleging diabetes as a vaccine injury have uniformly failed – for many years. *See generally Bohannon v. Sec'y of Health & Hum. Servs.,* No. 23-235V, 2025 WL 413454, at *18-20 (Fed. Cl. Spec. Mstr. Jan. 2, 2025). Counsel (an experienced Program attorney) should have exercised far more professional discretion in bringing this claim.

At the same time, however, fees have been paid in such unsuccessful cases. *Bohannon v. Sec'y of Health & Hum. Servs.*, No. 23-235V, 2025 WL 2955228 (Fed. Cl. Spec. Mstr. Sept. 12, 2025) (30 percent reduction charged for counsel's effort to advance a claim highly unlikely to succeed). Claimants have received fee awards in comparable cases even when a claim was voluntarily dismissed. *See Bhattacharyya v. Sec'y of Health & Hum. Servs.*. No. 16-195V, 2020 WL 7224308 (Fed. Cl. Spec. Mstr. Nov. 13, 2020); *see also Dorris v. Sec'y of Health & Hum. Servs.,* No. 14-322V, 2017 WL 3806398 (Fed. Cl. Spec. Mstr. Aug. 3, 2017). I also note that *Bohannon* (a matter I decided) was filed around the same time as this case – and Petitioner's determination to dismiss came after the dismissal of *Bohannon* in early 2025 (establishing that counsel could not have been aware when this case was initiated the current view at OSM about the viability of diabetes as a vaccine injury).

Respondent has not articulated any specific objection relative to reasonable basis, and Petitioner voluntarily dismissed her claim. Given the foregoing, plus the exceedingly light standard that governs reasonable basis, a final award of fees and costs in this matter is permissible. However, I will not in future cases be willing to reimburse counsel for time wasted on such a matter, absent new scientific or medical discoveries relevant to this injury. And I will take into account the overall weakness of the theory at issue in deciding what fees are *reasonably* reimbursed herein.

## II. Calculation of Fees

### A. Hourly Rates

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera v. Sec'y of Health &*

*Hum. Servs.,* 515 F.3d 1343, 1347 (Fed. Cir. 2008) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs*., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following hourly rates for his attorney, Richard Gage, and his firm:

| Name | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| Richard Gage | $318 | ---- | $393 | $422 | $441 | $450 |
| Kristen Blume | | | ---- | $422 | ---- | ---- |
| Paralegals | $120 | | $141 | $152 | $159 | $162 |

The requested rates are consistent with what has previously been awarded to Mr. Gage and his firm, and I find them to be reasonable. *See Henley v. Sec'y of Health & Hum. Servs.,* No. 16-499V, 2025 WL 2043218, at *2-3 (Fed. Cl. Spec. Mstr. June 20, 2025). The requested rates will, therefore, be applied.

### B. Hours Expended

Fees are awarded for the number of hours reasonably expended on the litigation. *See Avera,* 515 F.3d at 1347 (Fed. Cir. 2008). Counsel should avoid including in his fees hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). Unreasonably duplicative or excessive billing includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra-office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.,* 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that in [his] experience and judgment, [is] reasonable for the work done." *Saxton,* 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charge. *See Broekelschen v. Sec'y of Health & Hum. Servs.,*102 Fed. Cl. 719, 728-29 (2011) (affirming the Special Master's reduction of attorney and paralegal hours).

I have reviewed the submitted billing statements and finds a reduction in hours billed necessary, for several reasons. First, it appears that some billing entries by the paralegals are duplicative. For example, a paralegal billed "Reviewed Order and calendared deadlines" once on August 9, 2023, when Petitioner file a motion for an extension of time, and then twice again on August 14, 2023 when the non-pdf order was entered granting Petitioner's request for an extension of time. Fee Mot. Tab B. Again, on May 12, 2023, a paralegal billed twice for the same entry of

"Reviewed Order and Calendared deadlines," and on August 14, 2023. Fee Mot. Tab F. These duplicative entries are not new issues for existing counsel. *See Jimenez v. Sec'y of Health & Hum. Servs.,* No. 17-1190V, 2023 WL 3712348, at *3-4 (Fed. Cl. Spec. Mstr. May 30, 2023); *see also Schettl v. Sec'y of Health & Hum. Servs.,* No.14-422V, 2022 WL 2912666, at *3-4 (Fed. Cl. Spec. Mstr. June 30, 2022).

Second, and as noted above, this case attempted to prove a causation theory that has never found success before, and after many prior attempts. Moreover, the matter never even resulted in a filed expert report, and spent far too long in "pre-assignment review" as well. In *Bohanon,* I applied a large percentage reduction to a fee request that was in the six figures, and in a case that required extensive briefing to result in an outcome I warned counsel was likely. *Bohannon*, 2025 WL 2955228, at *4. Here, fewer attorney resources were devoted to the matter – but it remains unreasonable that more than $30,000.00 was expended on a case that never even reached the stage of experts (and likely should not have anyway).

Accordingly, I will exercise my discretion to apply an across-the-board percentage reduction of time spent on the matter, and reduce the fees to be awarded by **15 percent.** This results in a reduction of fees to be awarded by **$5,590.83**.

### III. Calculation of Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States,* 52 Fed. Cl. 667, 670 (2002); *Perreria v. Sec'y of Dep't of Health & Hum. Servs.,* 27 Fed. Cl. 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.,* No. 10-243V, 2013 WL 5367670, at * 16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

Petitioner's counsel is requesting a total of $1,096.63 in costs. These expenses include the filing fee, obtaining medical records, and making copies. Documentation was provided to substantiate the costs, and they will be awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT in part** Petitioners' Motion for Attorneys' Fees and Costs, and award a total of **$32,778.00 (reflecting $31,681.37 in fees, and $1,096.63 in costs) to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the

Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.